# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GABRIELLA RYLEE JENICH,**
      **Plaintiff,**

     v.                                                       Case No. 16-C-1501

**DR. MARGARET LEHNERT and**
**JULIA STEPHENSON,**
      **Defendants.**

---

## ORDER

Plaintiff Gabriella Rylee Jenich is a *pro se* Wisconsin state prisoner, who filed this action under 42 U.S.C. § 1983. She was allowed to proceed on claims that defendants violated her Eighth Amendment rights when they were deliberately indifferent to her serious dental need between June 29, 2016, and September 27, 2016, which resulted in "at least one hundred days and nights of severe pain." Dkt. No. 5 at 3. Before me now are the parties' cross-motions for summary judgment.

### I. BACKGROUND[1]

At all times relevant, plaintiff was incarcerated at and defendants were employed by the Wisconsin Resource Center (WRC). Docket 14, ¶¶ 1-2, 4. Defendant Dr. Margaret Lehnert provides dental care to inmates at WRC. Docket No. 14, ¶ 3. Defendant Julia Stephenson is a registered dental hygienist, who also works as defendant Lehnert's dental assistant on Tuesdays and Wednesdays, when defendant

---

[1] The facts are taken from plaintiff's proposed findings of fact (Docket No. 11), defendant's reply to plaintiff's proposed findings of fact (Docket No. 15), defendants' proposed findings of fact (Docket. No. 14), and plaintiff's reply to defendants' proposed findings of Fact (Docket No. 20). I have also considered and included facts set forth in the declaration of Margaret Lehnert (Docket No. 16).

Lehnert is in the clinic. *Id.*, ¶¶ 4, 6. Defendant Stephenson schedules appointments for inmates to see defendant Lehnert, but does not schedule appointments for inmates to see HSU medical (non-dental) providers or recommend or provide dental treatment to patients. *Id.*, ¶¶ 7-8.

To secure such an appointment for dental treatment, inmates submit a dental service request form (DSR). *Id.*, ¶ 10. When dental staff is not available, health service unit staff (HSU) handle submitted DSRs and provide treatment or referrals if needed. *Id.*, ¶ 11. 12. HSU also handles submitted DSRs during periods when the dentist is away for anticipated and unanticipated extended absences. *Id.*, ¶ 12. At any time, inmates can also submit health service requests slips (HSR) for dental care for emergent needs. Docket No. 20, ¶ 10.

Plaintiff submitted a DSR on June 17, 2016, complaining of nerve pain in her mouth. Docket No. 11, ¶ 1; Docket No. 14, ¶ 13. It was handled by the HSU because dental staff was not available. Docket No. 16, Ex. 1000-6. Plaintiff was prescribed ibuprofen, orajel, and salt for salt water rinses. *Id.*; Docket No. 14, ¶ 19. On June 22, 2016, defendant Stephenson responded to plaintiff's June 17, 2016 DSR and informed plaintiff that she was on the list for treatment. *Id.* Plaintiff also submitted an HSR slip on June 22, 2016, and June 25, 2016, regarding her dental challenges. Docket No. 11, ¶ 1.

Defendant Lehnert saw plaintiff on June 29, 2016, and conducted a full examination including x-rays. Docket No. 11, ¶ 2; Docket No. 14, ¶ 14. Defendant Lehnert concluded that a tooth colored composite restoration of tooth #25 was appropriate, and applied the composite. *Id.* Anesthetics were "not vital" for the procedure. Docket No. 16, EX 1000-3; *see* Docket No. 20, ¶ 15.

On June 30, 2016, plaintiff submitted a DSR stating that "the sealer applied June 29, 2016, did not help her pain." Docket No. 14, ¶ 20; Docket No. 11, ¶ 3. Because there was no dental staff on site at the time, the HSU handled plaintiff's DSR. *Id.*

When defendant Lehnert returned on July 5, 2016, she spoke to a HSU nurse about plaintiff's June 30, 2016 DSR. Docket No. 14, ¶ 21. Defendant Lehnert told the nurse that plaintiff had undergone a dental procedure on June 29 without anesthetics so plaintiff may have been experiencing discomfort due to it. *Id.* She did not order a change in plaintiff's previously prescribed medication of ibuprofen, orajel, and salt for salt water rinses, but recommended plaintiff submit another DSR if her pain continued. Docket No. 14, ¶ 19.

Plaintiff had also submitted an inmate complaint on June 30, 2016, requesting a skin graft to cover the exposed root of her tooth because that was what her dentist recommended in 2013. Docket No. 14, ¶¶ 16-17. The defendants were contacted as part of the investigation of the complaint. Docket No. 14, ¶ 18. Considering their response to the investigation, plaintiff must have informed defendant Lehnert of her previously diagnosed gum graft need during her initial dental visit. Specifically, defendant Lehnert responded in an email dated July 5, 2016, that when she saw plaintiff on June 29, 2016, she identified lost bone and gingival in the buccal of tooth #25. *Id.* Defendant Lehnert also wrote that in response to plaintiff's question about what could be done for her dental challenges she told plaintiff that she could cover the exposed area with a tooth colored composite restoration and when [s]he left the correctional system [s]he could have a gum graft. *Id.* She noted she explained to plaintiff that the

3

gum graft would need to be done outside of the correctional system because that procedure is purely cosmetic and the problem was not caused by DOC dental staff. *Id.*

Defendant Stephenson also responded by email to the investigation and stated that plaintiff would not be getting a gum graft at WRC and that a restorative filling was put on his root surface the previous week. Docket No. 14, ¶ 19.

Plaintiff submitted another DSR on August 6, 2016, complaining of pain in an exposed nerve and that she had used orajel four times a day. Docket No. 14, ¶ 23; Docket No. 16, ¶ EX 1000-8. Defendant Stephenson responded to the request on August 10, 2016, stating that "tooth and gum need graft; we do not perform grafts." Docket No. 16, ¶ EX 1000-8.

Plaintiff also submitted an HSR on August 6, 2016, stating that she had nerve pain due to an exposed nerve in her mouth. Docket No. 14, ¶ 24. Plaintiff was seen by an HSU nurse, who noted that plaintiff "may find better pain relief if [she] request[ed] pain medication more frequently." Docket No. 16, ¶ EX 1000-4 – 1000-5; Docket No. 14, ¶ 25. This HSR was also forwarded to defendant Lehnert who agreed with the HSU nurse's recommendation for plaintiff to take her prescribed pain medication more frequently. Docket No. 14, ¶ 26.

None of the DSRs or HSRs the dental staff received from plaintiff indicated plaintiff's tooth composite that was applied on June 29, 2016 had fallen out. Docket No. 14, ¶ 27; Docket No. 16, Ex 1000-6 – 1000-10. Plaintiff, however, insists that she verbally informed the HSU staff that the composite had fallen out. Docket No. 20, ¶ 27. Additionally, plaintiff states that after she was seen on June 29, 2016, she submitted two more DSRs and five HSR request slips regarding her dental pain between June 30,

2016, and September 6, 2016. Docket No. 11, ¶ 4. Defendants acknowledge awareness of only the DSRs submitted on June 30, 2016, and August 6, 2016, and the HSR submitted on August 6, 2016. Docket No. 15, ¶ 11.

On August 11, 2016, defendant Lehnert left for a planned two week vacation that was extended due to a family emergency. Docket No. 14, ¶ 30. While she was away, Dr. David De Pas was covering urgent dental matters at WRC. Docket No. 11, ¶ 8. Defendant Lehnert returned to WRC on September 26, 2016. Docket No. 14, ¶ 30. Prior to her return, plaintiff had been placed on the dental schedule to be seen by defendant Lehnert. Docket No. 14, ¶ 31.

Defendant Lehnert saw plaintiff on September 27, 2016. Docket No. 14, ¶ 32. After another exam and x-ray review, defendant Lehnert could identify no pathology indicating the source of plaintiff's pain. *Id.* However, because plaintiff insisted something be done, Lehnert offered plaintiff two options: remove the tooth or perform a root canal to remove the nerve. *Id.* 34; Docket No. 11, ¶ 5. Plaintiff elected to undergo the root canal, which was performed on October 4, 2016. Docket No. 14, ¶ 34. Plaintiff asserts that the root canal fixed her problem, and she has not had to submit a DSR since. Docket No. 11, ¶¶ 6-7.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary

5

materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

### III. ANALYSIS

Plaintiff contends that summary judgment should be granted in her favor because the evidence shows defendants acted with deliberate indifference towards her serious dental needs. She claims that after being told that nothing could be done for her dental problems, she was made to endure several months of dental pain before receiving relief by way of a root canal. She asserts that defendant Lehnert failed to adequately address her dental complaints before she left for her vacation and that defendant Stephenson failed to seek emergency care for her while defendant Lehnert was away.

Defendants contend that they were not deliberately indifferent to plaintiff's dental needs and, therefore, summary judgment should be granted in their favor. As a primary matter, they assert that plaintiff did not have an objectively serious medical need and that defendant Lehnert's performance of the root canal was merely in response to plaintiff's repeated subjective complaints of dental pain. Defendants further contend that even if plaintiff did have an objectively serious medical need, their actions were not deliberately indifferent to that need.

6

To establish deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show that he suffered from an objectively serious medical condition, and that a state official subjectively disregarded the risk to his health. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009); *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir.2008). The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Duckworth,* 532 F.3d at 679.

On the first element, I find that a reasonable jury would conclude that plaintiff had an objectively serious medical condition. An objectively serious medical condition is "a condition that has either been diagnosed by a doctor as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention." *Greene v. Pollard*, 335 F. App'x 612, 614 (7th Cir. 2009) (citing *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005)). "Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *see Board v. Farnham*, 394 F.3d 469, 480-81 & n. 4, 482-83 (7th Cir. 2005) (noting tooth decay and gum infection are objectively serious harms). According to defendant Lehnert, on June 29, 2016, plaintiff was suffering from "loss of bone and gingival in buccal of tooth #25." Docket No. 14, ¶ 18. These assessments seem to be in line with such conditions as tooth decay and gum infection. Moreover, defendant Lehnert found that some type of treatment was warranted because she applied the tooth colored restorative composite to the affected area. Thus, plaintiff has alleged an objectively serious medical condition.

7

I now turn to whether defendants acted with deliberate indifference to that condition. "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776–77 (7th Cir. 2015) (citing *Farmer,* 511 U.S. at 837).

With regard to defendant Lehnert, I find that a reasonable jury could not conclude that she acted with deliberate indifference to plaintiff's condition. After plaintiff submitted her first DSR, defendant Lehnert performed a complete examination, found plaintiff had bone loss and gingival in buccal of tooth number 25, and applied a tooth colored composite to alleviate the plaintiff's sensitivity in that area. When plaintiff complained the next day about her continued pain, defendant Lehnert determined it was likely due to the composite and seemed to have believed that plaintiff's already prescribed medications would alleviate the pain. When plaintiff complained about her dental pain a month later, defendant Lehnert determined that plaintiff simply needed to take her prescribed medications regularly. Upon her return to WRC after her vacation, defendant Lehnert saw plaintiff again because of her alleged dental pain. After finding no objective source for plaintiff's professed pain aside from the likely imposition of sensitivity due to the bone loss and gingival, defendant Lehnert offered and then performed a root canal on plaintiff. Such actions can hardly be seen as evidence of any deliberate indifference.

Plaintiff however, contends that defendant Lehnert's delay in providing her with the root canal showed deliberate indifference. It is true that a prisoner does not have to be completely ignored to have a valid Eighth Amendment claim. *Roe v. Elyea,* 631 F.3d 843, 858 (7th Cir. 2011). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."

8

*McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010). However, plaintiff does not contest the fact that she initially sought a gum graft, a cosmetic procedure, based on a previous diagnosis from another dentist. Thus, defendant Lehnert's professional judgment that plaintiff did not present any other objective reason for her pain seems to have been in line with the diagnosis of another medical professional. So her actions with regard to that judgment were not "blatantly inappropriate." *See Greeno,* 414 F.3d at 653. Plaintiff's disagreement with that judgement does not substantiate an Eighth Amendment claim. See *Estelle,* 429 U.S. at 106. (noting that mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment.) Moreover, defendant Lehnert still treated plaintiff's alleged dental issue by providing her with the tooth colored composite during her first appointment. Even accepting as true plaintiff's contention that the composite didn't work and that she told HSU staff it had fallen out, she does not allege she told defendant Lehnert. Defendant Lehnert was, therefore, not deliberately indifferent to plaintiff's serious dental condition.

With regard to defendant Stephenson, defendants assert that she was not deliberately indifferent to plaintiff because she timely and appropriately responded to plaintiff's DSR and HSR slips. I find that no reasonable jury could conclude otherwise. Further, although an emergency dentist was available during the time defendant Lehnert was away, scheduling of inmates to be seen by the emergency dentist was at the HSU's discretion, not defendant Stephenson's. Thus, Stephenson was also not deliberately indifferent to plaintiff's serious dental condition.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment (Docket No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket No. 13) is **GRANTED**. The Clerk of the Court shall enter final judgment on the merits.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2018.

                                               s/Lynn Adelman
                                               LYNN ADELMAN
                                               United States District Judge